UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BRADLEY M. HOUSTON,            )
                               )
        Plaintiff,             )
                               )
v.                             )        CV621-050
                               )
WARDEN BRYAN ADAMS, _et al._,  )
                               )
        Defendants.            )

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 23), to which Houston has filed objections,[1] (docs. nos. 26 & 27). Houston's first objection is limited to the Magistrate Judge's discussion of his allegations concerning defendants Jackson and Wilson's deliberate indifference to his medical needs. (Id. at 1.) His second "objection"

---

[1] Houston's first objections are untimely. The fourteen-day period to object to the Report and Recommendation expired on December 27, 2022. Fed. R. Civ. P. 72. Houston's first Objection is deemed filed on December 31, 2022. (See doc. 26 at 2); see also Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015) ("A pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. [Cite] We assume, absent evidence to the contrary, that a prisoner delivered a filing to prison authorities on the date that he signed it." (internal quotes, cites, and alterations omitted)). Nevertheless, the Court considered the substance of the first Objection in consideration of the Magistrate Judge's R&R. His second filing, also styled an "Objection," but undated and unsigned, is discussed below.

alleges an additional failure-to-protect claim that arose in January 2023.[2] (Doc. no. 27 at 1-2.) As explained below, Houston's "objections" do not dispute the Magistrate Judge's analysis, but, instead, seek to further amend his pleading. As modified by the discussion below, the Report and Recommendation is **ADOPTED**. (Doc. no. 23); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Magistrate Judge considered Houston's allegations that defendants Jackson and Wilson pepper-sprayed him as asserting a claim that they subjected him to excessive force. (See doc. no. 23 at 4-6.) So construed, the Magistrate Judge approved the claim for service upon the defendants. (Id. at 5-6, 18-19.) No return of service has been filed and neither defendant has appeared. Houston's first Objection concerns his allegation that those same defendants were deliberately indifferent to his serious medical needs resulting from the incident. (See doc. no. 26 at 1.) The only indication of such a claim in his Second Amended Complaint is his allegation that he "was not taken to medical after [he] was [pepper] sprayed . . . ." (Doc. no. 22 at 5.) The Magistrate Judge noted the

---

[2] Houston's second-filed "Objection" is unsigned. (See generally doc. no. 27.) The Clerk notified Houston of the defect and directed him to correct it within fourteen days. (See doc. no. 27.) Since, as discussed below, the "objection" is an impermissible attempt to amend Houston's pleading, the defect is moot.

possibility of such a claim, but that it was "not clear," whether Houston asserted such a claim. (Doc. no. 23 at 13 n. 2.) The Magistrate Judge explained that any such assertion failed to state a claim. (Id.) Houston does not dispute the Magistrate Judge's conclusion that his allegations fail to state a claim, but seeks to assert additional allegations. Specifically, he adds allegations concerning the duration and effects of his exposure to the pepper spray that were not alleged in his Second Amended Complaint. (Compare doc. no. 26 at 1, with doc. no. 22 at 5-8.) The second Objection raises wholly unrelated allegations about an incident that occurred on January 11, 2023. (See doc. 27 at 1-2.) In effect, therefore, Houston's filings are not "objections," but requests to amend his pleading. To the extent that Houston intended to object to the Report and Recommendation, therefore, his objections are **OVERRULED**.

The Magistrate Judge previously noted Houston had amended his complaint "as a matter of course," pursuant to Federal Rule 15(a). (See doc. no. 18 at 3-4.) The Magistrate Judge granted him leave to submit further amendments, pursuant to the Federal Rules' liberal amendment policy. (See id. (citing Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962)). It is clear, therefore, that Houston requires the Court's

leave or "opposing party's written consent," before he can amend his Complaint further. See Fed. R. Civ. P. 15(a)(2). The Court will not consider Houston's implicit requests to amend his pleading in the guise of objections to the Report and Recommendation. Cf. Lorton v. Wainwright, 2022 WL 2803195, at *6 (N.D. Ohio July 18, 2022) ("Without a pending motion for leave to amend, the Court has no application to consider, and such a free-standing request [in objections to a magistrate judge's report and recommendations] is not itself a motion to amend and not procedurally proper." (citations omitted)); Young v. Rios, 2018 WL 2079509, at *2 n. 2 (W.D. Okla. May 4, 2018) ("An objection to a Report and Recommendation is . . . not the correct forum to request leave to amend.").

In summary, the R&R is **ADOPTED**. (Doc. no. 23.) Houston's claims against defendants Smith State Prison, "Capt. Jackson, Unit Manager Jackson, Warden Care and Treatment, Ms. Brown, Victoria King[,] Chief of Security / Unit Manager Hardimyer[,] Unit Manager, Ms. Martin," the Georgia Department of Corrections, and Warden Lawrence Whittington, (see doc. no. 23 at 2), are **DISMISSED**, (doc. no. 22, in part). To the extent that Houston's Second Amended Complaint seeks his

immediate release and expungement of his criminal history it is **DISMISSED, in part**. (Doc. no. 22, in part.) To the extent that the Second Amended Complaint claims: (1) that Defendant Wright subjected him to excessive force; (2) that any defendant failed to protect Houston against assault by other inmates; (3) that Houston was subjected to unconstitutional conditions of confinement; (4) that any defendant, other than Jackson or Wilson, was deliberately indifferent to Houston's serious medical needs; (5) that any defendant retaliated against his exercise of his First Amendment rights; or (6) that any defendant violated Houston's due process rights, it is **DISMISSED, in part**. (Doc. no. 22, in part.)

To the extent that Houston believes that he can amend his Second Amended Complaint to assert a claim against defendants Jackson and Wilson for deliberate indifference to his serious medical needs or allege that any other defendant failed to protect him, he is free to file a motion

seeking leave to amend his pleadings. Houston's claims that defendants Jackson and Wilson subjected him to excessive force remain pending.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of January, 2023.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```