UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| BRADLEY M. HOUSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV621-050 |
| ) | |
| C.E.R.T. OFFICER WILSON, and ) | |
| K. JACKSON, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND REPORT AND RECOMMENDATION

The Court approved for service *pro se* plaintiff Bradley M. Houston's claim that Defendants Wilson and Jackson subjected him to excessive force. *See* doc. 23 at 17. He was subsequently given leave to amend his complaint to assert a claim that Defendants were deliberately indifferent to his serious medical needs arising out of the same incident. *See* doc. 41 (Order granting leave to amend); doc. 42 (Amended Complaint). Defendants answered. Doc. 43. Shortly after their Answer was filed, Houston filed a "Motion for Summary Judgment." Doc. 45. Defendants opposed. Doc. 53. Houston replied. Doc. 55. The Motion is, therefore, ripe for disposition.

1

Before reaching Houston's Motion for Summary Judgment, the Court will address his Motion for Protective Order. He filed a Motion objecting to a deposition notice. *See* doc. 58. His objections to the deposition are, charitably, vague. He objects that he was provided with less than fourteen-days' notice. *Id.* at 1. He states, in unedited form, "[u]nder Fed Rules Civ Proc R 32, must not be used." *Id.* Finally, he asserts that the subject matter of the deposition is emotionally difficult, and he, therefore, should not have to respond. *Id.* at 1-2. Defendants never responded in opposition to his Motion. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5. They have, however, represented that Plaintiff's deposition has taken place. *See* doc. 59 at 1. Since no party has raised any objections to the deposition, as actually conducted, it appears that Plaintiff's request is moot. His Motion for Protective Order is, therefore, **DISMISSED**.[1] Doc. 58.

Houston's Motion for Summary Judgment largely restates the allegations relevant to his excessive force claim. He states that, in

---

[1] Since, as explained below, Plaintiff's Motion for Summary Judgment should be denied, and no other dispositive motions have been filed, it appears that further proceedings on this case will be required. While the Court cannot anticipate any use the deposition testimony might serve, Houston is free to challenge any such use at the appropriate time.

November 2021, Jackson directed him to extend his hands through "the door flap," and he complied. Doc. 45 at 2. Jackson tazed him. *Id.* Jackson subsequently stated that he tazed Houston because he "thought [Houston] threw fluids out [of his] door flap." *Id.* Jackson then instructed Defendant Wilson to "place [Houston] on strip cell." *Id.* Wilson forced Houston to remove his clothes outside of the cell. *Id.* Other, unidentified, inmates objected and Houston was directed to remove his clothes in the cell. *Id.* When he had removed all of his clothes, Wilson directed him to squat and cough and, when Houston complied, Wilson sprayed pepper spray into the cell onto Houston. *Id.* Houston was then not taken to decontaminate or receive treatment. *Id.* He includes a statement of undisputed facts but does not include any citations to any evidence of record. *Id.* at 3-4.

Defendants responded, arguing that the Motion was premature and procedurally defective for failing to include citations to evidentiary or record support. *See generally* doc. 53 at 3. Houston filed a document titled "Memorandum of Law Brief in Support of Summary Judgment Response." Doc. 55. That document does not appear to have any procedural basis. It briefly restates his contentions concerning the

3

relevant facts. *See id.* at 1-2. It purports to reply to Defendants' arguments. *See id.* at 3-4. The Court might construe it as a reply, but it was filed almost two months after Defendants' response. *Compare* doc. 53 (filed June 15, 2023), *with* doc. 55 (filed[2] August 3, 2023). Construed as a reply, therefore, it is more than a month out-of-time. *See* S.D. Ga. L. Civ. R. 7.6. However, as discussed below, whether or not the Court considers the material in the "Memorandum," Houston's Motion for Summary Judgment remains insufficient.

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law.'" *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal citation and quotation omitted). The moving party bears the burden of

---

[2] The "Memorandum" was received by the Clerk on August 21, 2023. *See* doc. 55 at 1. However, it is signed August 3, 2023. *See id.* at 5. Pursuant to the "prison mailbox rule," it is deemed filed on the date it was signed. *See, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

establishing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. *See Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011).

The nature of the movant's burden varies depending upon whether the movant or non-movant would bear the burden of proof at trial. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Since Plaintiff bears the burden of proving his case, he "must support [his] motion with credible evidence that would entitle [him] to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of [his] case . . . no reasonable jury could find for the non-moving party." *Id.* Plaintiff has not come close to making such a showing.

As Defendants point out, "none [of the purportedly undisputed facts in Houston's Motion] are accompanied by the required evidentiary and record support." Doc. 53 at 3. Houston persistently misunderstands

statements by Defendants and the Court and suggests that they amount to "admissions" or findings of fact. *Compare* doc.45 at 4 ("Document 40 affirms that Defendants do not object to the claims."), *with* doc. 40 (conceding no basis to object to Houston's filing an amended complaint, but stating expressly "[i]n so conceding, Defendants do not, in any way admit that this particular incident occurred or that these new allegations are accurate."); *compare* doc. 55 at 4 (noting that the Court found "Houston['s] pleadings appear to adequately present his position."), *with* doc. 51 at 3 (finding adequate presentation in the context of finding no extraordinary circumstances warranting appointed counsel). To the extent that Houston suggests that other evidence might exist elsewhere, *see* doc. 45 at 2, *see also, e.g.,* 54 at 1 (referring to "sworn affi[d]avits [submitted] to the . . . Middle District of the United States Court."), the Court will not search for the purported evidence. Courts "are not archeologists. They need not excavate masses of papers in search of revealing tidbits—not only because the rules of procedure place the burden on the litigants, but also because their time is scarce." *Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662-63 (7th Cir. 1994). As presented, Houston's Motion for Summary Judgment does not even come close to

showing no reasonable jury could resolve this case in Defendants' favor. It should, therefore, be **DENIED**. Doc. 45.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

Subject to the District Judge's review of the recommendation above, under the operative schedule, the deadline for the parties to file motions has now passed. *See* doc. 44 at 1. In order to facilitate the efficient resolution of this case, the parties are **DIRECTED** to confer and file the Joint Settlement Status Report, attached to this Order as Exhibit A, by no later than February 16, 2024.

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 29th day of January, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| BRADLEY M. HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-063 |
| | ) | |
| C.E.R.T. OFFICER WILSON, and | ) | |
| K. JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT SETTLEMENT STATUS REPORT

With the discovery and motions periods having now concluded in the above captioned case, the Parties make the following report to the Court.

A. Have the parties made efforts to resolve this case?

☐ Yes  ☐ No

- If "Yes", please explain those efforts:

Click here to enter text.

B. Are the parties prepared to discuss settlement of this case with the Court at this time?

☐ Yes  ☐ No

- If "No", please explain:

Click here to enter text.

C. Are there any third parties and/or lien holders that should be included in any settlement discussions for this case?

☐ Yes ☐ No

- If "Yes", please list those parties:

Click here to enter text.

If there are any other matters regarding this case that the Parties seek to bring to the Court's attention at this time, please briefly explain:

Click here to enter text.

Dated: Click here to enter a date.

_____
Plaintiff (Pro Se)

_____
Counsel for Defendant(s)