UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| BRADLEY M. HOUSTON, | ) |
| Plaintiff, | ) |
| v. | ) CV621-050 |
| C.E.R.T. OFFICER WILSON, and K. JACKSON, | ) |
| Defendants. | ) |

### ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 63), to which Plaintiff has filed an Objection (doc. no. 67). For the reasons explained below, the Report and Recommendation is **ADOPTED**, as supplemented. See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

The Magistrate Judge correctly explained that, since Houston will bear the burden of proof at trial, he "must support his motion with credible evidence that would entitle him to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of his case no reasonable jury could find for the non-moving party." (Doc. no. 63 at 5 (quoting Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993) (internal quotation marks and alterations omitted))). The Magistrate Judge further explained that simply inviting the Court to review the record for evidence does not discharge a litigant's obligation to support his motion. (See id. at 6 (quoting Nw. Nat'l Ins. Co. v. Baltes, 15 F.3d 660, 662-63 (7th Cir. 1994)); see also, e.g.,

LR 56.1 ("Each statement of material fact shall be supported by a citation to the record." (emphasis added)). The only citation in Houston's Motion is to Defendants' response to a prior Motion to Amend. (See doc. no. 45 at 4-6 (citing doc. no. 40).) As the Magistrate Judge explained, Houston misunderstands the significance of that response. (Doc. no. 63 at 6). The Court, therefore, agrees with the Magistrate Judge's conclusion that Houston's Motion for Summary Judgment does not make the necessary showing. (Id. at 6-7.)

Houston's Objection does not present any argument that undermines the Magistrate Judge's analysis. He asserts, again without any specific citation, that "[d]eclarations, letters and documents have been filed and can be seen on the civil docket . . . as evidence." (Doc. no. 67 at 1.) As discussed above, Houston's vague reference to "evidence" apparently spread throughout the record of this case does not discharge his burden to present that evidence to the Court. The Federal Rules are explicit that, on summary judgment, "[t]he court need consider only the cited materials . . . ." Fed. R. Civ. P. 56(c)(3) (emphasis added). As this Court has previously stated, "gesturing toward a forest is not the same as blazing a trail through it that others may follow. The Court does not ask for a swept path with bread crumbs strewn along every inch, but does insist on a marked tree now and then." *Anderson v. Raddison Hotel Corp.*, 834 F. Supp. 1364, 1369, n. 3 (S.D. Ga. 1993). Neither Houston's Motion, (doc. no. 45), nor his Objection, (doc. no. 67), sufficiently identify evidence supporting his Motion.

He asserts that, as a pro se litigant, his Motion should be held to a "less stringent standard." (Doc. no. 67 at 1.) While Houston is correct that pro se pleadings are held to a less stringent standard, they still must comply with the applicable procedural rules. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed,

. . . , we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." (citations omitted); Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules." (citation omitted)).  Houston's pro se status, therefore, provides no basis to excuse his failure to properly support his Motion.

For the reasons explained above, Houston's Objection is **OVERRULED**, (doc. no. 67), and the Report and Recommendation is **ADOPTED**, (doc. no. 63).  Houston's Motion for Summary Judgment is **DENIED**. (Doc. no. 45.) Houston has also requested additional time to file objections to the Report and Recommendation. (Doc. no. 68.) It is unclear from his request whether he seeks additional time or merely seeks to excuse his untimeliness. (Id. at 1.) Since, under the "prison mailbox rule," see, e.g., Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), his Objections are deemed timely filed, (compare doc. no. 63 at 8 (dated Jan. 29, 2024), with doc. no. 67 at 1 (signed Feb. 5, 2024), and the Court has considered his Objection, his request is **DISMISSED** as moot. (Doc. no. 68.)

Houston's Objection also includes a request for appointed counsel. (Doc. no. 67 at 1.) He suggests that his lack of legal experience and the complexity of this case justify appointing counsel. (Id.) The Magistrate Judge previously denied Houston's request for appointed counsel. (Doc. no. 51.) As that Order pointed out, appointing counsel in a civil case is "justified only by exceptional circumstances," (id. at 2 (quoting Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990)) (internal quotation marks omitted)), and lack of legal education is not a sufficient basis to require appointment of counsel. (Id. at 2-3 (citing Brown v. Wilcher, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021)).) Nothing that

has occurred in this case has altered the Magistrate Judge's conclusion that there is "no indication of any exceptional circumstance that warrants appointment of counsel." (Id. at 3 (internal quotation marks and citation omitted)).  Houston's request for appointed counsel is, therefore, **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of February, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA